IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**EDDIE VINCENT RUTLEDGE,**

    **Plaintiff,**

v.                                                                                                           Case No. 1:24-cv-59-AW-MJF

**E. DEVORE-GUIFARRO, et al.,**

    **Defendants.**

_____/

## **ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

Alleging Eighth Amendment violations, pro se prisoner Eddie Rutledge sued eight prison officials. Rutledge claims he was subjected to excessive force, deliberate indifference to medical needs, sexual assault, and other unconstitutional conditions of confinement. ECF No. 20 at 7 (SAC). Rutledge alleges two Defendants—Officers Devore-Guifarro and Bodiford—slammed him face-first to the ground when he refused to enter a holding cell. He alleges that Nurse Gardner falsely stated he needed no medical attention. He also alleges the other defendants strip-searched him in the showers (which he considered sexual assault). And he alleges he was housed in only his boxers in a freezing confinement cell with no bedding.

1

The magistrate judge issued a report and recommendation concluding dismissal was appropriate as to all claims and defendants.[1] ECF No. 23. Rutledge filed objections. ECF No. 30. Having carefully considered the matter, and having reviewed Rutledge's objections de novo, I agree with the magistrate judge as to all the claims except one—the excessive-force claim. I thus adopt the report and recommendation only in part.

A court must sua sponte dismiss a prisoner's complaint if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). In screening a complaint, the court must accept as true all well-pleaded allegations, and it must draw all reasonable inferences in the Plaintiff's favor. *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019).

To succeed on an Eighth Amendment excessive-force claim, Rutledge had to show that the officials applied force "maliciously and sadistically to cause harm" rather than "in a good faith effort to maintain or restore discipline." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). The claim has both a subjective and an objective component. First, under the subjective element, the officials must have applied the force "maliciously

---

[1] The magistrate judge recommended allowing Rutledge to file a new complaint as to the excessive-force claim within the objections period, ECF No. 23 at 1, but that period has now expired.

and sadistically for the very purpose of causing harm." *Id.* (quoting *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002)). Courts consider several factors to assess whether officials acted maliciously, including "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (cleaned up). Second, under the objective element, the officials' actions must be objectively harmful enough to qualify as a constitutional injury. *Sconiers*, 946 F.3d at 1265. The extent of physical injury is relevant because "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 9). Still, a lack of serious injury does not foreclose an Eighth Amendment claim. *Hudson*, 503 U.S. at 7.

Here, taking the allegations as true and drawing inferences in Rutledge's favor, I conclude Rutledge has alleged enough to state an excessive-force claim. Rutledge admits he refused to comply with the officers' order to enter a cell. As the magistrate judge notes, the extent of Rutledge's resistance is not clear, ECF No. 23 at 10, but it is at least likely that some use of force was necessary and appropriate. But Rutledge alleges more than some force. He alleges that "both officers slammed [him] face first into the pavement" and "dropped their full body weight on [his]

back." SAC at 6. Viewed in a light most favorable to him, these allegations plausibly suggest the use of force was excessive.

The magistrate judge concludes the officers "tempered the severity of their response by ceasing force as soon as Rutledge was secured on the floor and then called for medical assistance." ECF No. 23 at 10-11. But the complaint does not allege that the officers stopped using force immediately, that they were the ones calling for the nurse, or how much time elapsed between the takedown and the call for medical. At this stage, I must draw reasonable inferences in Rutledge's favor, not the officers'.

As to the objective-harm component, I conclude Rutledge has alleged enough too. It may be that there was no serious injury here, but the Supreme Court has "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim" *Wilkins*, 559 U.S. at 37. In any case, slamming Rutledge to the ground is a far cry from the simple "push or shove" causing "no discernible injury" that would "almost certainly fail[] to state a valid excessive force claim." *See id.* at 1178. And Rutledge specifically alleged fractured ribs and damage to his head, neck, and shoulder, further supporting the inference that the officers used more force than necessary.

In short, I conclude that at this early stage, Rutledge alleged enough for his excessive-force claim. Of course, he will have to prove his claims later. But for now,

4

he has "nudged [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As to the rest of the Rutledge's claims, I agree with the magistrate judge's reasoning and his conclusion that Rutledge does not state a claim for deliberate indifference to medical needs, sexual assault, or unconstitutional conditions of confinement. I also agree that Eleventh Amendment immunity bars Rutledge's official-capacity claims for damages and that Rutledge has no claim for injunctive relief.

Accordingly, the court now orders the following:

1. The report and recommendation (ECF No. 23) is adopted and incorporated into this order, except to the extent it concluded Rutledge had not stated a claim against Defendants Devore-Guifarro and Bodiford.

2. Rutledge's individual-capacity claims against Defendants Gardner, Swanson, Driver, Dennis, Griner, and Thaggart are dismissed for failure to state a claim.

3. Rutledge's official-capacity claims for monetary relief are dismissed based on Eleventh Amendment immunity.

4. Rutledge's claims for injunctive relief are dismissed without prejudice.

5

5.     The magistrate judge will conduct further appropriate proceedings as to the individual-capacity Eighth Amendment excessive-force claim against Defendants Devore-Guifarro and Bodiford.

SO ORDERED on September 2, 2025.

s/ <i>Allen Winsor</i><br>
Chief United States District Judge